# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**)<br>*(Changes Identified with Asterisks (*))* |
| v. | Case Number: 11-cr-00190-WJM-01 |
| | USM Number: 34233-013 |
| LOWELL D. CHATBURN | Scott Varholak, AFPD<br>(Defendant's Attorney) |

Date of Original Judgment: February 7, 2012
Reason for Amendment: Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT: Admitted guilt to violations 3, 4, 5, 7, and 8, as alleged in the probation officer's petition, and was found guilty of violations 3, 4, 5, 7, and 8.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Failure to Notify the Probation Office of any Contemplated Employment and Failure to Obtain Approval from the Probation Office for all Employment | 11/30/10 |

The defendant is sentenced as provided in pages 3 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Violations 1, 2 and 6 are withdrawn by the government.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

February 1, 2012
Date of Imposition of Judgment

Signature of Judge

William J. Martinez, U.S. District Judge
Name & Title of Judge

28 June 2012
Date

DEFENDANT: LOWELL D. CHATBURN  
CASE NUMBER: 11-cr-00190-WJM-01                                                                 Judgment-Page 2 of 5

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 4 | Failure to Obtain Approval from the Probation Office for all Employment | 09/2010 |
| 5 | Making False Statements to the Probation Officer | 03/30/10 |
| 7 | Failure to Submit Written Reports | 05/05/11 |
| 8 | Failure to Follow the Instructions of the Probation Officer | 06/10/11 |

DEFENDANT: LOWELL D. CHATBURN
CASE NUMBER: 11-cr-00190-WJM-01                                  Judgment-Page 3 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of five (5) months.

The defendant shall surrender for service of sentence at the institution designated by the United States Bureau of Prisons before 12:00 noon on March 16, 2012.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

        Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                         _____
                                                  UNITED STATES MARSHAL

                                         By_____
                                                  Deputy United States Marshal

DEFENDANT: LOWELL D. CHATBURN
CASE NUMBER: 11-cr-00190-WJM-01                                                        Judgment-Page 4 of 5

## * SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The drug testing condition required by 18 U.S.C. § 3583(d) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT: LOWELL D. CHATBURN
CASE NUMBER: 11-cr-00190-WJM-01                                                        Judgment-Page 5 of 5

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

### ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall execute all financial disclosure forms and provide the probation office access to any requested financial information.
2) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.
3  The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.
4. The defendant shall provide to the probation office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant and any business owned, in whole or in part, by the defendant, at the direction of the probation office.
5. The defendant shall notify the probation office of any contemplated employment and shall obtain approval from the probation office for all employment.
6. The defendant shall maintain a single personal bank account, separate and apart from any family member or others, into which all income, financial proceeds, and gains shall be deposited and from which all expenses be paid.